[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13225
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20479-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENOL MURAT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Renol Murat, proceeding pro se, appeals the district court's denial of his

second request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Murat

pled guilty to one count of being a felon in possession of a firearm (Count 1), 18 U.S.C. § 922(g), one count of possession with intent to distribute crack cocaine (Count 2), 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking felony (Count 3), 18 U.S.C. § 924(c)(1)(A). He received a sentence of 60 months' imprisonment as to Counts 1 and 2, and 60 months' imprisonment as to Count 3.

On appeal, Murat argues that that the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, should apply retroactively to eliminate the statutory mandatory minimum in his pre-FSA sentencing, which occurred in December 2008. He also raises an equal-protection challenge based on an alleged disparity in treatment between those sentenced before and after the enactment of the FSA.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008) (per curiam).

The district court determined that it lacked jurisdiction over Murat's motion because Murat's sentence was based on a mandatory minimum. *See United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010) ("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines

sentencing range, when the defendant was sentenced on the basis of a mandatory minimum."). Even if the district court had jurisdiction, Murat's FSA claim would still fail because the "FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam). Additionally, the FSA does not apply to defendants sentenced prior to the date the FSA was enacted, August 3, 2010. *Id.* Murat was sentenced in December 2008, so the FSA clearly does not apply.

Similarly, the district court correctly declined to hear Murat's claim that his sentence violates the equal protection clause because such a claim is not cognizable under § 3582(c)(2). *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (noting that a § 3582(c)(2) motion does not grant jurisdiction to hear a constitutional challenge to a sentence).

Accordingly, we affirm the district court's decision to deny Murat's motion for a reduced sentence.

**AFFIRMED.**